Jo^eh A. Saraeite, J.
Petitioner, in an article 78 proceeding, se_ks to vacate a decision of the Director of the Bronx State Hos-j-Aal terminating his position at the hospital as manager of a community store. He maintains that he was a civil service employee and, as such, was entitled to a hearing under section 75 of the Civil Service Law.
Petitioner was formerly a civil service employee at the hospital as the head dining room attendant. He took a leave of *164 absence in 1964 to become manager of the store. In July, 1965 he resigned from his civil service position and retained his position as manager.
At issue is the question of whether he continues as a civil service employee in his new position.
Under subdivision 3 of section 12 of the Mental Hygiene Law, the Director of the hospital may lease space to third parties for the operation of a community store. The money received by the Director, pursuant to such lease, must be deposited in a special fund to be used for certain services for the patients as set forth in section 53 of the State Finance Law. Instead of leasing the space out, the Director undertook to operate the community store himself for the purposes described above. In the course of said operation, petitioner was employed as community store manager until he was discharged because of unsatisfactory services on or about October 23, 1968. Shortly thereafter, on January 3, 1969, the community store was discontinued because it failed to show a profit, and there is no community store in existence presently at the hospital.
Petitioner fails to demonstrate that the position of community store manager falls within a recognized category of the classified civil service. In 1965, petitioner resigned from civil service to continue his employment as store manager, for which he knew there was no civil service status, although he was permitted to enjoy some benefits that are available to civil service employees. There is no constitutional mandate or statutory enactment which requires that all services furnished or labor performed for a governmental agency must be supplied by persons directly employed. (Matter of Corwin v. Farrell, 303 N. Y. 61.) The legal authorities cited by petitioner in support of the relief here requested are inapposite. No basis in law is established to support petitioner’s contention that he is entitled to the benefit's of section 75 of the Civil Service Law upon discharge.
Accordingly, the petition is dismissed.